EASTERN DIS.
June, 1832.

FOX
vs.
BEBEE.

---

## FOX vs. BEBEE.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

The want of an amicable demand must be specially pleaded *in limine lites.*

In this case the defendant put in an answer to the merits, and subsequently thereto pleaded the want of an amicable demand. On the merits there was a verdict and judgement for the plaintiff, and the defendant appealed.

PORTER, J., delivered the opinion of the court.

EASTERN DIS.
*June*, 1832.

FOX
*vs.*
BEBEE.

The sole question which this case presents relates to the costs. No amicable demand is proved, but the plaintiff insists the defendant cannot profit by this omission, because he has failed to plead the exception in proper time and manner.

We have decided this objection must be pleaded specially. It is now said, a plea of this kind is neither a dilatory, declinatory, or a peremptory exception; and, therefore, a general denial is sufficient, as the Code of Practice only requires the exceptions already named to be specially set out.

The Code of Practice does certainly confine exceptions to dilatory, declinatory and peremptory, at least it enumerates no others; and it also provides that when the defendant answers to the merits, it is sufficient to deny generally. *Code Prac.* 323, 331.

Although a plea which denies an amicable demand, neither delays the suit, declines the jurisdiction, nor operates as a bar to the action, still it bears less resemblance to a defence on the merits. The court must, therefore, bring it within the rules applicable to those matters to which it bears the closest analogy.

Believing it to have a very near connexion with, and close resemblance to exceptions which tend to embarrass, though they do not deny the right to recover, and to be totally foreign to the merits, we think it should be specially pleaded, and in *limine lites.*

The want of an amicable demand must be specially pleaded *in limine lites.*

This not having been done in the case before us,

It is, ordered, adjudged, and decreed, that the judgement of the Parish Court be affirmed with costs.

*Nixon*, for appellant.    *Roselius*, for appellee.